# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE L. CLYBURN, | : | CIVIL ACTION |
| *Petitioner*, | : | |
| v. | : | No. 16-3536 |
| MICHAEL P. GORDON, ET AL., | : | |
| *Respondents*. | : | |

## ORDER

**AND NOW**, this 20th day of September, 2018, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1), and after review of the Report and Recommendation of United States Magistrate Judge Richard A. Lloret (Doc. No. 17), and Petitioner's Objections thereto (Doc. No. 18), I find as follows:

1. The Petition raises three types of claims: (1) ineffectiveness of trial counsel; (2) sufficiency of the evidence; and (3) violations of Brady v. Maryland, 373 U.S. 83 (1963).[1] In his Report and Recommendation ("R&R"), Judge Lloret concluded that: (1) the ineffectiveness claims are procedurally defaulted, as Petitioner did not raise them in a collateral review proceeding in state court under the Post-Conviction Relief Act ("PCRA"); (2) the sufficiency-of-the-evidence claims fail because the state court reasonably rejected them on direct review; and (3) the Brady claims fail because the allegedly withheld evidence was not exculpatory.

---

[1] The factual and procedural background of this matter is not recounted here, as it is fully set out in Judge Lloret's Report and Recommendation. (See R&R 2-6.)

1

2. Petitioner objects to the R&R "based on several instances of inaccurate characterization of the facts." (Pet'r's Objections 3.) As to the ineffectiveness claims, Petitioner contends that the inaccurate characterization resulted in the erroneous conclusion that Petitioner could not show that she was prejudiced by her trial counsel's ineffectiveness. However, Petitioner did not object to Judge Lloret's conclusion that Petitioner did not show either: (1) cause for her procedural default, or (2) that a fundamental miscarriage of justice would result if her ineffectiveness claims are not addressed on the merits. (See R&R 7-8 (explaining that, where a claim is procedurally defaulted, a petitioner must show "cause for the default and actual prejudice . . . , or demonstrate[] that failure to consider the claims will result in a fundamental miscarriage of justice."))

3. As to her Brady claims, Petitioner did not object to Judge Lloret's conclusion that the evidence at issue was not exculpatory.

4. Accordingly, *de novo* review of Petitioner's ineffectiveness of counsel and Brady claims is not required, and I will not re-address these claims apart from noting that I find that Judge Lloret applied the appropriate standard of review and thoroughly addressed the pertinent issues in his R&R. See Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984) (holding that *de novo* review by a district court is not required where no specific objection to the report and recommendation is made).

5. What remains is Petitioner's objection to the R&R's characterization of a single fact bearing on one of her sufficiency-of-the-evidence claims. Petitioner objects to Judge Lloret's conclusion "that there was 'direct evidence' that Petitioner had sole authority to write checks to vendors for the Credit Union." ((Pet'r's Objections 3 (quoting R&R 28.))

6. Such direct evidence was presented at trial, namely, the testimony of Tina Wellington, who testified that Petitioner was the only credit union employee responsible for writing vendor checks. (See R&R 28 (citing Doc. No. 6-108 at 113, 120.))

7. Petitioner's contention that Ms. Wellington "simply testified that '[she] never saw anybody else [apart from Petitioner] cut a check for bills,'" overlooks Ms. Wellington's testimony, as cited in the R&R:

   > Q. . . . [W]ho was responsible for making payments, for disbursing checks for the credit union in general? Who had that responsibility?
   >
   > A. For disbursing –
   >
   > Q. Checks to vendors?
   >
   > A. For payments for bills?
   >
   > Q. Sure.
   >
   > A. That would have been [Petitioner].

   (Doc. No. 6-108 at 112:18-113:6.)

8. And Ms. Wellington also clarified that, to her knowledge, no other person had the authority to write such checks:

   > Q. The other types of checks, not member checks, people withdrawing their money, but checks that were necessary to run the daily business of the credit union, to pay the electric bill and all of the supplies and the things you need to do business, who had the authority to generate and issue those checks?
   >
   > A. That would be [Petitioner].
   >
   > Q. Did the other employees also have the authority to do that when [Petitioner] wasn't there, or was that exclusively her responsibility?
   >
   > A. Not to my knowledge.
   >
   > Q. Not to your knowledge, meaning other people didn't have that authority?
   >
   > A. I never saw anybody else cut a check for bills.

(Doc. No. 6-108 at 114:22-115:11.)

9. Later in direct examination, Ms. Wellington testified that Petitioner was the only employee who printed vendor (i.e. expense) checks:

> Q. I'm specifically talking about expense checks, not member checks, but expenses. Who would have been printing those checks using that printer?
>
> A. [Petitioner].

(Doc. No. 6-108 at 120:2-5.)

10. Petitioner further argues that the conclusion that she had sole authority to issue vendor checks is "contradicted by the testimony" of another witness, Mary Dunne. But this argument fails for the reason set out in the Pennsylvania Superior Court's decision on direct review, and quoted in the R&R: "[A]n argument that the finder of fact should not have credited a witness's testimony and should have [instead] credited [another witness's] testimony goes to the weight of the evidence, not the sufficiency of the evidence." (R&R 27 (quoting <u>Commonwealth v. Clyburn</u>, No. 2523 EDA 2013 9-109 (Pa. Super. Ct. Nov. 24, 2014), Doc. No. 15-1 at 10.) Whether Ms. Dunne's testimony contradicted Ms. Wellington's testimony has no bearing on whether there was sufficient evidence of Petitioner's guilt. Accordingly, Petitioner's objection in this regard will be overruled.

**WHEREFORE**, it is hereby **ORDERED** that:

- Petitioner's Objections (Doc. No. 18) are **OVERRULED**.
- The Report and Recommendation (Doc. No. 17) is **APPROVED** and **ADOPTED**.

- The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE** by separate Judgement, filed contemporaneously with this Order.

- No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) because Petitioner "has [not] made a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), since Petitioner has not demonstrated that reasonable jurists would find my assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

- The Clerk of Court shall **CLOSE** this case.

                                **BY THE COURT:**

                                /s/ Mitchell S. Goldberg
                                _____
                                **MITCHELL S. GOLDBERG, J.**